IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:14-mj-90 |
| | ) | |
| SAMUEL BRADBURY. | ) | |

ORDER

At the June 26, 2014 initial appearance, the government requested that the defendant, Samuel Bradbury, be held without bond. A detention hearing was conducted on June 31, 2014, and the court now makes the following findings of fact:

1. The defendant currently is charged in a criminal complaint with extorting and threatening and wilfully threatening the use of explosive materials in violation of 18 U.S.C. §§ 875(c) and 844(e). A conviction under § 875(c) carries a maximum penalty of 5 years, and a conviction under § 844(e) carries a maximum penalty of 10 years.

2. At the hearing, the government relied on the information contained in the affidavit attached to its complaint and that in the pre-trial bond report.

3. In the affidavit, FBI Agent Troy Wohlfert, stated that the defendant posted numerous threats to kill West Lafayette Police Officer Troy Greene, Sheriff Tracy Brown, Judge Les Meade, and Judge Loretta Rush. The defendant stated on Facebook that he could not "keep silent on this conspiracy anymore", that he was the leader of the 765 Anarchists, the town's cop killing group, that he was associated with Jerad and Amanda Miller, who murdered police officers in Las Vegas, and that the 765 Anarchists had field agents gathering information and planning an attack. He further stated that the group had enough thermite and explosives to kill the two named police officers and others who got

1

in their way and to cause extreme damage to the county's offices, including police cars, police buildings, and the Tippecanoe County Courthouse.

4. Agent Wohlfert further stated that during a search of the defendant's residence, the West LaFayette Police Department discovered three bags of aluminum powder in close proximity to three bags of black iron oxide. Both are precursors used in making of thermite. Thermite is an incendiary material created when aluminum powder and iron oxide are mixed together. Once the mixture is ignited, thermite produces tremendous heat and molten slag sufficient to burn through metal and difficult to extinguish.

5. Investigators also found that the defendant had searched the names of the individuals identified in his Facebook threat and found handwritten documents with strong anti-law enforcement and anti-government statements, including such statements as "Kill Cops" and "Could someone please kill a cop today or even just a sycophant".

6. At the hearing, the defendant called Agent Wohlfert to testify. Agent Wohlfert agreed that following the defendant's Facebook post, he stated that his post was an exercise of free speech, that the plans were not real as far as he knew, and that the statement was satire and an exercise to see whether free speech still exists. Agent Wohlfert further stated that none of the bags recovered from the defendant's residence contained a mixture of the aluminum powder and iron oxide and that no ignition material was found.

A defendant charged with an offense may be (1) released on personal recognizance, (2) released on conditions, (3) temporarily detained to permit revocation of conditional release, or (4) detained. 18 U.S.C. §§3142(a) & (e). Release may be denied if the court finds that there are no conditions that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. §3142(e). The court's authority to order detention is limited to the

following seven situations: (1) cases involving crimes of violence with a statutory maximum of ten years or more, §3142(f)(1)(A); (2) cases involving an offense carrying a maximum sentence of life imprisonment or death, §3142(f)(1)(B); (3) cases involving drug offenses carrying maximum sentences of ten years or more, §3142(f)(1)(C); (4) cases involving a felony if the defendant has two or more prior convictions for crimes falling in categories (1)-(3), §3142(f)(1)(D); (5) cases involving minor victims or the use or possession of a firearm, §3142(f)(1)(E); (6) cases involving a serious risk that the defendant will flee, §3142(f)(2)(A); and (7) cases involving a serious risk that the defendant will obstruct justice, or intimidate witnesses or jurors, §3142(f)(2)(B).  *See* **United States v. Chavez-Rivas**, 536 F.Supp.2d 962, 966 n.5 (E.D. Wis. 2008) (laying out these conditions and discussing Congress' addition of §3142(f)(1)(E) as part of the Adam Walsh Child Protection and Safety Act of 2006).  There is a presumption against bond for crimes of violence, which encompasses threats to kill in violation of 18 U.S.C. §844(e).  *See* **United States v. Ali**, 2005 WL 3115876, *2 (N.D. Ill. 2005) (explaining that threats to kill in violation of 18 U.S.C. §§ 844(e), 876(c) are crimes of violence that carry a presumption of detention).

To determine whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. §3142(g); **United States v. Wade**, 2007 WL 2005556, *2 (E.D. Wis. July 10, 2007).

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably

assure . . . the safety of . . . the community . . . ."  § 3142(e).  The defendant is charged with a serious crime involving violence by making threats to kill police officers, judges, and other public officials, and threatening to blow up government buildings.  The court takes threats to kill police officers and public officials seriously.  *United States v. Bennett*, 731 F.Supp. 907, 909 (S.D. Ill. 1990)("The Court, however, treats threats to kill law enforcement officials very seriously, and is not persuaded by the defendant's apparent remorse.").  This is compounded by the fact that the defendant has a history of substance abuse and a mental health condition.  He was diagnosed with Bi-Polar Disorder, received therapy within the last 12 months, and currently is taking psychotropic medication for his mental health condition.  *See United States v. Sallay*, 2011 WL 1344288, *5 (N.D. Ind. 2011)(finding that although detention is not a remedy to mental health issues, mental health issues weigh in favor of detention); *Ali*, 2005 WL 3115876, *4 (denying bond, in part, because of concern of mental health issues).  Although the defendant stated that his Facebook post was an exercise of his First Amendment right to free speech, the court does not have to accept his disclaimer, particularly in light of the magnitude of his treats, the discovery of materials used to make an explosive device found during the search of his residence, and the internet searches the defendant conducted to research the individuals against whom he made the threats.  The defendant also has a history of failing to appear and failing to abide by the conditions of probation.

  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.  The government's motion for pretrial detention is GRANTED, and the defendant is ORDERED HELD WITHOUT BOND.

  Pursuant to 18 U.S.C. § 3142(i), it is further ORDERED that:

A.  The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

B.  The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C.  The defendant shall be delivered to the custody of the United States Marshal when the appearance of said defendant for any court proceeding is required.

ENTERED this 1st day of July, 2014

/s/ Andrew P. Rodovich