UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:14-CR-71 |
| ) | |
| SAMUEL BRADBURY, ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

Samuel Bradbury was convicted last summer of threatening to blow up a county courthouse and kill various public officials in an online post via Facebook (DE 146.). In particular, Bradbury was convicted of violating 18 U.S.C. § 844 (e) which prohibits the malicious conveyance of false information about a threat to kill persons or destroy property using fire or explosives. (*Id.*) In essence, the statute is aimed at punishing people who make phony bomb threats. Bradbury now seeks a new trial. (DE 172.) This is his second motion for a new trial, the first one having been denied. (DE 149; DE 155.) At trial, the jury was given Instruction No. 22 which told them that "[t]o act maliciously means to act intentionally or with deliberate disregard of the likelihood that damage or injury will result." (DE 141 at 27.) Bradbury argues that the instruction unlawfully compelled the jury to return a guilty verdict if it found that Bradbury acted deliberately or purposefully. (DE 172 at 3–4.) For the reasons below, the motion is denied.

Under Federal Rule of Criminal Procedure 33(a), a court may "vacate any judgment and grant a new trial if the interest of justice so requires." Nevertheless, the

Seventh Circuit has cautioned that "a jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Morales*, 902 F.2d 604, 605 (7th Cir.1990). Such motions should be granted only in "extreme cases." *Id.; United States v. Linwood*, 142 F.3d 418, 422 (7th Cir.1998).

Courts are afforded "considerable discretion . . . with respect to the precise wording of instructions so long as the final result, read as a whole, completely and correctly states the law." *United States v. Grady*, 746 F.3d 846, 848 (7th Cir. 2014) (internal citation and quotation marks omitted). A conviction will not be overturned "merely because the addition or removal of several words theoretically could have improved a defendant's chance of acquittal." *United States v. Smith*, 131 F.3d 685, 688 (7th Cir. 1997); *United States v. Tingle*, 183 F.3d 719, 729 (7th Cir. 1999) ("[T]he wording of jury instructions is not an exact science."). The real question is "whether the jury was misled in any way and whether it had [an] understanding of the issues and its duty to determine those issues." *United States v. Dack*, 987 F.2d 1282, 1284 (7th Cir. 1993) (internal citations and quotation marks omitted). To win a new trial, the defendant must show that "the jury's comprehension of the issues [was] so misguided that it prejudiced" the defendant. *Id.* Even if a jury instruction was erroneous, "there is still no need for reversal if after reviewing the record as a whole, 'the evidence in support of the verdict is so overwhelming that the same verdict would necessarily be reached absent the error.'" *Id.* (*quoting Vaughn v. Willis*, 853 F. 2d 1372, 1376 (7th Cir. 1988).

Bradbury's motion renews his objection at trial to Instruction No. 22. (*See* DE 160

at 205:24–206:7, 206:13–19.) He argues that the instruction that defined the term "maliciously" directed the jury to find "that malice would be satisfied simply if Mr. Bradbury acted intentionally" rather than "intentionally despite a likelihood that damage or injury will result[.]" (DE 172 at 4.) I'm not sure I understand the new elaboration. The point of the instruction was to separate statements that are made intentionally from those that are uttered inadvertently or accidentally. The jury was instructed that if it found that Bradbury acted intentionally when he said on Facebook that he was going to kill two police officers, two judges, and blow up a county courthouse—even if those statements were false—then that would be enough to find him guilty. This is because uttering those kinds of provocative statements online via social media is nearly certain to cause a swift response from law enforcement.

I am not the first to interpret "maliciously" the way I did for purposes of 18 U.S.C. § 844. The Eighth Circuit upheld a nearly verbatim jury instruction for the same subpart of the statute, section 844(e). *See United States v. Williams*, 690 F.3d 1056, 1064–65 (8th Cir. 2012) ("A defendant acts maliciously if he acts with intent to vex, annoy, or injure another or with an intent to do a wrongful act. To act maliciously as the term is used in these instructions means to act intentionally or with willful disregard of the likelihood that damage or injury will result.").

What's more, the Seventh and Fifth Circuits have upheld verbatim language in jury instructions for a different subpart of the statute, section 844(i). *See United States v. Grady*, 746 F.3d 846, 848–50 (7th Cir. 2014); *United States v. Monroe*, 178 F.3d 304, 307–8

3

(5th Cir. 1999). And the Third and Fourth Circuits have used similar or verbatim definitions of "maliciously" for evidentiary purposes under section 844. *See, e.g., McFadden v. United States*, 814 F.2d 144, 146 (3rd Cir. 1987) (section 844(f)); *United States v. Gullett*, 75 F.3d 941, 948 (4th Cir. 1996) (section 844(i)). Though these decisions interpret the term for other parts of 18 U.S.C. § 844, I have little reason to believe that Congress intended the word "maliciously" to mean one thing in section 844(e) and a different thing in other parts of section 844. *See Farm Mut. Auto Ins. Co. v.* C.I.R., 698 F.3d 357, 370 (7th Cir. 2012) ("One of the more reliable canons of construction—the normal practice—is that a term or phrase is ordinarily given the same meaning throughout a statute . . . [absent] persuasive evidence from the statutory text, context, or other sources that different meanings were intended.") (internal citations omitted).

Although Bradbury argues that the instruction he wanted is supported by the Seventh Circuit's emphasis on "the role 'harm' played" in defining "maliciously" in *United States v. McBride*, 724 F.3d 754 (7th Cir. 2013), *McBride* has little bearing here. There, the government argued that "maliciously" under section 844(i) means "intending to cause damage or willfully disregarding the likelihood that damage would result from the defendant's act[.]" *Id.* at 759. The circuit court took issue with that definition, but only where the only possible harm would be to the defendant himself. *Id.* The court's point was that a person doesn't commit arson by setting fire to his own things in a way that puts no third parties at risk, so the word "maliciously" as used in the federal arson statute must mean "deliberately . . . using fire to do a harmful act." *Id.*

4

Here, of course, Bradbury was accused and convicted under a different subpart of the statute—section 844(e). There's no need to graft the reasoning of *McBride* onto a section 844(e) analysis because that section requires that the "defendant *conveyed* false information" and thus could never be applied to conduct that did not implicate a third party. *(See* DE 141 at 25 (Instruction No. 21 providing the elements that must be proven to convict under section 844(e)) (emphasis added).) The Seventh Circuit itself reiterated this distinction—cases where any damage could be only to the defendant and those in which third parties could be harmed—when it upheld the district court's use of the same definition of "maliciously" as I used on grounds that it "allowed the jury to properly weigh the [defendant's] intent[.]" *See Grady*, 746 F.3d at 849.

The jury instruction definition used at Bradbury's trial is also consistent with available legislative history on section 844(e), which states that Congress's goal in including the word "maliciously" was to "avoid coverage of a number of innocent situations, and unduly inhibit communication of desirable information[.]" *See* H.R. Rep. 91-1549, at 4046 (1970). It is simply not possible that Bradbury's vitriolic post on Facebook—which, among other things, named and stated an intention to kill two police officers and two judges and promised to "incinerate" the Tippecanoe County Courthouse—was the sort of "communication of desirable information" that Congress hoped to avoid criminalizing. The instructions Bradbury's jury received "read as a whole, completely and correctly" stated the law, and I will not undo their verdict.

Finally, even if Bradbury is right that the instruction I gave was unclear, he has

5

not shown any prejudice. I think there is little chance that the jury would have acquitted Bradbury had it been instructed with the additional language that Bradbury now proposes. Here is how Instruction No. 22 read at trial: "To act 'maliciously' means to act intentionally or with the deliberate disregard of the likelihood that damage or injury will result." Although Bradbury objected to Instruction 22 at trial, he did not request the additional language that he now proposes. In any event, here is the gloss that Bradbury now says should have been put on the instruction: "To act maliciously means to act intentionally despite a likelihood that damage or injury would result or with deliberate disregard of the likelihood that damage or injury will result." I fail to see how the altered language of the instruction would have made a difference even if it had been requested by Bradbury in a timely way and given to the jury at trial. Some things are plain, and this is one of them: when someone goes on social media and says he is going to blow up a courthouse, or any building for that matter, that is almost assuredly going to cause substantial harm by diverting law enforcement resources. The evidence presented at trial overwhelmingly supports a guilty verdict based on any of the possible formulations of "maliciously," and I believe the jury would have convicted Bradbury even if I'd instructed them as he argues I should have.

Accordingly, Bradbury's motion for judgment of acquittal, to dismiss or for a new trial (DE 172) is **DENIED**.

    **SO ORDERED.**

    **ENTERED**: January 13, 2016

s/ Philip P. Simon
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT